UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION



FILED
OCT 25 2016

| | |
|---|---|
| GREG A. HAANEN,<br><br>Plaintiff,<br><br>vs.<br><br>NORTH STAR MUTUAL INSURANCE COMPANY,<br><br>Defendant. | 1:16-CV-01007-CBK<br><br>OPINION AND ORDER |

Greg Haanen initially filed a complaint against North Star Mutual Insurance Company ("North Star") in the Fifth Judicial Circuit of South Dakota, alleging breach of contract, breach of the implied covenant of good faith and fair dealing, bad faith, breach of fiduciary duty, attorney's fees, and punitive damages. On January 11, 2016, North Star removed the case to federal district court under 28 U.S.C. §§ 1332 and 1441. North Star has filed a motion for partial judgment on the pleadings on Haanen's claims of breach of the implied covenant of good faith and fair dealing, bad faith, breach of fiduciary duty, attorney's fees, and punitive damages, pursuant to Fed. R. Civ. P. 12(c).

## FACTUAL BACKGROUND

This case arises from an automobile accident that occurred on March 18, 2010. Plaintiff, Greg Haanen, is a resident of Browns Valley, South Dakota. Defendant, North Star, sells insurance policies to South Dakota residents. At the time of the accident, Haanen was insured by North Star. The automobile insurance policy provides $500,000.00 of underinsurance coverage. The party responsible for the accident, Leo

Cameron, had $100,000.00 of liability insurance coverage. Haanen notified North Star that he intended to accept Cameron's liability insurance policy limit of $100,000.00, unless it wished to substitute its draft. North Star declined to substitute its draft. Accordingly, Haanen accepted Cameron's offer of $100,000.00. Haanen admits North Star would be entitled to a $100,000.00 credit as a result of Cameron's payment, leaving $400,000.00 of available underinsurance coverage.

Haanen made a claim for benefits under the policy. North Star refused to pay any benefits. Haanen alleges he suffered serious bodily injury as a result of the automobile accident. Moreover, Haanen claims he incurred medical bills of approximately $30,000.00 and farm expenses of approximately $41,485.85. Lastly, Haanen pleads he will continue to incur additional farm expenses in the future as a result of the accident.

## STANDARD OF REVIEW

"We review a 12(c) motion under the standard that governs 12(b)(6) motions." Haney v. Portfolio Recovery Associates, L.L.C., No. 15-1932, 2016 WL 5112026, at 4 (8th Cir. 2016) (*quoting* Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990)). "We accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleading in favor of the non-moving party." Id. (*quoting* United States v. Any & All Radio Station Transmission Equip., 207 F.3d 458, 462 (8th Cir. 2000)). "Pursuant to Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (*quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Id. "We assess plausibility by drawing on our own judicial experience and common sense." Id. "Further, we review the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation." Zoltek Corp. v. Structural Polymer Grp., 592 F.3d 893, 896 n.4 (8th Cir. 2010).

## ANALYSIS

### A. South Dakota Law Applies

Subject matter jurisdiction is established by diversity of citizenship in this case. "It is, of course, well-settled that in a suit based on diversity of citizenship jurisdiction the federal courts apply federal law as to matters of procedure but the substantive law of the relevant state." Jacobs ex rel. Estate of Jacobs v. Evangelical Lutheran Good Samaritan Soc., 849 F. Supp. 2d 893, 896–97 (D.S.D. 2012) (*citing* Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 118 (1938)). "In a choice-of-law analysis for a diversity action brought in federal district court, the choice-of-law rules are substantive for *Erie* purposes, and the choice-of-law rules of the forum state are applied to determine the litigating parties' rights." Id. The forum state is "the state in which a lawsuit is filed." FORUM STATE, Black's Law Dictionary (10th ed. 2014). Haanen originally filed his claim with the Fifth Judicial Circuit of South Dakota. Therefore, South Dakota law governs the substantive issues in this case.

### B. Breach of the Implied Covenant of Good Faith and Fair Dealing

The first issue is whether Haanen failed to plead a plausible factual basis for his claim of breach of the implied covenant of good faith and fair dealing. "South Dakota does not recognize an independent tort for breach of the implied covenant of good faith and fair dealing." Nygaard v. Sioux Valley Hosps. & Health Sys., 731 N.W.2d 184, 193

3

(S.D. 2007) (*quoting* Farm Credit Servs. of Am. V. Dougan, 704 N.W.2d 24, 28-29 (S.D. 2005)); Garrett v. BankWest, Inc., 459 N.W.2d 833, 842 (S.D. 1990). While South Dakota recognizes that "every contract contains an implied covenant of good faith and fair dealing that prohibits either contracting party from preventing or injuring the other party's right to receive the agreed benefits of the contract," the "duty of good faith permits an aggrieved party to bring a breach of contract action . . ." Id., at 193-194. Therefore, Haanen has failed to plead a plausible factual basis for his claim of breach of the implied covenant of good faith and fair dealing because such claim is not recognized as an independent tort in South Dakota.

**C. Bad Faith**

The next issue is whether Haanen failed to plead a plausible factual basis for a breach of the implied covenant of good faith and fair dealing. "Before undertaking a study of the law of 'bad faith,' it is necessary to understand the difference between 'first party' and 'third party' insurance coverage." Roger M. Baron, When Insurance Companies Do Bad Things: The Evolution of the "Bad Faith" Causes of Action in South Dakota, 44 S.D. L. Rev. 471, 472–73 (1999). "Third party insurance typically protects the insured against claims of third parties which may be made against him/her." Id. "First party insurance is a broad term that is utilized to describe just about everything else other than third party coverage." Id. "[A]n understanding of the distinction between first party and third party coverage is critical to understanding the evolution of the bad faith causes of action." Id. Here, North Star issued a "first party" insurance policy to Haanen. The elements of a first party bad faith action in South Dakota are:

> (1) The existence of a contract of insurance;
> (2) A loss compensable under the terms of the policy;
> (3) The absence of a reasonable basis for denial of the claim; and
> (4) The insurer knew there was not a reasonable basis to deny the claim or that the insurer acted in reckless disregard of the existence of a reasonable basis to deny the claim.

Brooks v. Milbank Ins. Co., 605 N.W.2d 173, 177-78 (S.D. 2000); See Walz v. Fireman's Fund Ins. Co., 556 N.W.2d 68 (S.D. 1996); Isaac v. State Farm Mut. Auto. Ins. Co., 522 N.W.2d 752 (S.D. 1994); Matter of Cert. of a Question of Law, 399 N.W.2d 320 (S.D 1987); See also Roger M. Baron, When Insurance Companies Do Bad Things: The Evolution of the "Bad Faith" Causes of Action in South Dakota, 44 S.D. L. Rev. 471, 472-73 (1999).

As for the first element, the defendant does not dispute Haanen purchased an automobile insurance policy from North Star. North Star also agrees the policy provides $500,000.00 of underinsurance coverage. Therefore, the first element of the bad faith claim has a sufficient factual basis.

Next, Haanen asserts he is entitled to benefits under the policy because he suffered serious bodily injury and "will continue to incur additional farm expenses in the future, as a result of the accident." Compl., ¶ 15. "The rule is well settled in this state to warrant an instruction and to sustain a recovery for future damages, the future effect of the injury, and either its permanency or duration, if not permanent, must be shown with reasonable certainty." Jorgenson v. Dronebarger, 143 N.W.2d 869, 874 (S.D. 1966); Peters v. Hoisington, 37 N.W.2d 410 (S.D. 1949); McGovern v. Murray Taxi Co., 60 N.W.2d 211 (S.D. 1953); Klein v. Hodgman & Sons, Inc., 85 N.W.2d 289 (S.D. 1957).

Haanen has provided a sufficient factual basis that he plausibly incurred "a loss compensable under the terms of the policy." Brooks, 605 N.W.2d, at 177-78.

The third element requires Haanen to plead a sufficient factual basis to infer North Star lacked a reasonable basis to deny the claim. Haanen claims North Star "did not do a reasonable investigation of [his] injuries." Compl., ¶¶ 25, 31. "Bad faith conduct may include the failure to conduct a reasonable investigation concerning the claim." Dakota, Minnesota & E. R.R. Corp. v. Acuity, 771 N.W.2d 623, 629 (S.D. 2009) (citing Isaac v. State Farm Mut. Auto. Ins. Co., 522 N.W.2d 752, 758 (S.D. 1994)); Waltz, 556 N.W.2d, at 70. Whether an insurance company failed to reasonably investigate a claim presents a genuine issue of material fact and is more than a mere conclusory allegation. Haanen has provided a sufficient claimed factual basis by pleading a form of conduct that is recognized in South Dakota as bad faith conduct.

Lastly, Haanen must plead a sufficient factual basis to find North Star was aware it lacked a reasonable basis to deny the claim, or that it acted recklessly in its denial of the claim. Haanen alleges that North Star's decision to deny his claim was in bad faith. Compl., ¶ 34. Haanen also states that North Star's conduct was "willful, malicious, and/or [sic] wanton." Id., ¶ 47. Therefore, Haanen's bad faith claim has a sufficient factual basis to draw a reasonable inference that North Star is liable for the misconduct alleged.

**D. Breach of Fiduciary Duty**

The next issue is whether Haanen has failed to plead a plausible factual basis for his breach of fiduciary duty claim. Haanen contends North Star breached its fiduciary duty to him because it "preferred its interest over that of its insured, by refusing to fully

indemnify, by not fairly evaluating the claims of their insured, and by refusing to pay amounts owing to their insured." Compl., ¶ 38-39. Haanen has failed to provide a South Dakota case recognizing a separate tort action for a breach of fiduciary duty in a first party coverage context. Haanen cites to *Trouten v. Mut. Ins. Co.*, 632 N.W.2d 856 (S.D. 2001), which involves third party coverage. Haanen then cites to *McElgunn v. Cuna Mut. Ins. Soc.*, 700 F.Supp.2d 1141, 1166 (D.S.D. 2010), where the court states: "the relationship of the insurer to the insured is akin to that of a fiduciary since it must give at least as much consideration to the insured's interests as it does to its own." However, *McElgunn* does not create a separate tort action for breach of fiduciary duty when there is first party coverage. The court in *McElgunn* merely explains the relationship is similar to a fiduciary relationship and was using the analogy in determining the intent of the defendant in regard to a bad faith claim. The Court agrees with North Star that South Dakota, like other states, has decided to protect first party coverage insureds not by imposing a fiduciary relationship, but rather, by allowing them to bring bad faith claims. See Bertelsen v. Allstate Ins. Co., 796 N.W.2d 685, 700 (S.D. 2011). "In a third party coverage situation, the relationship of an insurer to its insured is like that of a fiduciary because the insurer must give as much consideration to its insured's interests as it does its own." Id. However, "an insurer and insured are adversaries in a first party coverage situation." Id. (*citing* Hein v. Acuity, 731 N.W.2d 231, 235 (S.D. 2007)). A separate tort action for the breach of a fiduciary duty is not recognized in South Dakota when the case involves first party insurance coverage. Therefore, Haanen has failed to plead a claim that is plausible on its face.

**E. Punitive Damages**

North Star argues Haanen has failed to plead a factual basis for recovery of punitive or exemplary damages. SDCL § 21-3-2 provides:

> In any action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud, malice, actual or presumed, or in any case of wrongful injury to animals, being subjects of property, committed intentionally or by willful and wanton misconduct, in disregard of humanity, the jury, in addition to the actual damage, may give damages for the sake of example and by way of punishing the defendant.

Here, Haanen alleges in his complaint that North Star's actions were "willful, malicious, and/or [sic] wanton." Compl., ¶ 47. Haanen, in his bad faith claim, asserts North Star acted with malice in its decision to deny his claim under the policy. Because Haanen has provided a plausible alleged factual basis for his bad faith claim, South Dakota allows Haanen to seek punitive damages when bringing a bad faith claim. Biegler v. Am. Family Mut. Ins. Co., 621 N.W.2d 592, 604 (S.D. 2001) (*citing* Harter v. Plains Ins. Co., 579 N.W.2d 625 (S.D. 1998)). Therefore, Haanen is allowed to seek punitive damages.

**F. Attorney Fees**

North Star argues that Haanen has failed to plead a plausible factual basis for recovering attorneys' fees. "As a general rule, attorney fees may only be awarded by contract or when specifically authorized by statute." Id., at ¶ 56. (*quoting* City of Sioux Falls v. Kelley, 513 N.W.2d 97, 111 (S.D. 1994)). SDCL § 58-12-3 provides in part:

> In all actions or proceedings hereafter commenced against any employer who is self-insured, or insurance company, including any reciprocal or interinsurance exchange, on any policy or certificate of any type or kind of insurance, if it appears from the evidence that such company or exchange has refused to pay the full amount of such loss, and that such refusal is vexatious or without reasonable cause, the

8

> Department of Labor and Regulation, the trial court and the appellate court, shall, if judgment or an award is rendered for plaintiff, allow the plaintiff a reasonable sum as an attorney's fee to be recovered and collected as a part of the costs[.]

This statute requires the trial court to make three determinations. "First, whether the insurance company refused to pay the full amount of a loss." Id. "Second, whether the refusal was vexatious or without reasonable cause." Id. "And third, what is a reasonable charge for the work performed to enforce the insurance contract, vis-à-vis any other claims jointly brought." Id. In Haanen's complaint, he pleads North Star's refusal to pay "was without reasonable cause." Compl., ¶ 43. Therefore, Haanen has provided a sufficient alleged factual basis to draw the reasonable inference that North Star is liable for the recovery of attorney fees under his bad faith claim.

**ORDER**

Now, therefore,

IT IS ORDERED:

1. Defendant's motion, Doc. 12, for partial judgment on the pleading on plaintiff's claim of breach of the implied covenant of good faith and fair dealing and breach of fiduciary duty is granted.

2. Defendant's motion, Doc. 12, for partial judgment on the pleading on plaintiff's claims of bad faith, punitive damages, and attorney fees is denied.

3. The trial of issues of fact will be bifurcated. The claim of breach of contract and possible compensatory damages will be tried first. If the jury finds for the plaintiff and awards damages, we will then try the remaining issues.

4. The parties shall confer and submit a revised scheduling order.

DATED this 25th day of October, 2016.

BY THE COURT:

*Charles B. Kornmann*

CHARLES B. KORNMANN
United States District Judge

10